The Honorable W.D. Moore, Jr. State Senator 1112 Green Street El Dorado, Arkansas 71730
Dear Senator Moore:
This is in response to your request for an opinion on thirty-nine questions concerning Act 497 of 1991. That act provides a six-month window period for reciprocal purchases, by members of the Arkansas Public Employees' Retirement System, of credited service for previous employment which would otherwise have been covered by the Teacher Retirement System, when the individual making the purchase was never a member of the Teacher Retirement System. Most, if not all of these questions were addressed in Opinion No. 91-085, (a copy of which is enclosed), and of which you now seek clarification. That opinion concluded that the "prescribed contribution" necessary to effectuate a purchase under Act 497 of 1991 was both the employee and employer contributions plus interest. The questions are restated and answered below.
1. Does Section 1(a) of Act 497 of 1991 authorize an active member of the Arkansas Public Employees' Retirement System to contract with the Board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of a preceding state employer?
Yes.
2. Does Section 1(a) of Act 497 of 1991 authorize an active member of the Arkansas Public Employees' Retirement System to contract with any retirement system board other than the Teacher Retirement System Board to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of a preceding state employer?
No. See Opinion No. 91-085, at 4, para. 1.
3. If your answer to Question 2 is yes, what are the other retirement system boards that Act 497 of 1991 authorizes an active member of the Arkansas Public Employees' Retirement System to contract with to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of a preceding state employer?
Because the answer to Question 2 is "no," an answer to Question 3 is not required.
4. Does Act 497 of 1991 authorize an active member of the Arkansas Public Employees' Retirement System to contract with the board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of any school or other educational agency participating in the Teacher Retirement System?
Yes, as long as the previous employment was with a "preceding state employer" and the employee was otherwise eligible for credited service.
5. Does Act 497 of 1991 authorize an active member of the Arkansas Public Employees' Retirement System to contract with the Board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of any preceding state employer other than any school or other educational agency participating in the Teacher Retirement System?
No; the employment must have otherwise qualified for service credit.
6. If the answer to Question 5 is yes, who are the other state employers?
Because the answer to Question 5 is no, Question 6 does not require an answer.
7. With respect to Questions 1 and 2, for purposes of Act 497 of 1991, can the following language in Section 1(a) and 1(b) of Act 497 of 1991 "reciprocal system" be construed to mean the Teacher Retirement System?
Yes. It can be construed to mean the Teacher Retirement System, although the act is ambiguous about what the term "reciprocal system" is intended to mean, as it is defined in Act 497 as having the same meaning as set out in A.C.A. § 24-2-401. This definition includes the Teacher Retirement System, The State Highway Employees' Retirement System, the Arkansas Public Employees' Retirement System, or the Arkansas State Police Retirement System. Act 497, however, appears only to authorize purchases of credited service by members of the Arkansas Public Employees' System covering previous employment with an employer which would have been covered by the Teacher Retirement System.
8. With respect to Questions 1 and 2, for purposes of Act 497 of 1991, can the following language in Section 1(a) and 1(b) of Act 497 of 1991 "reciprocal system" be construed to mean any retirement system other than the Teacher Retirement System?
Again, there is an ambiguity in the act. The term "reciprocal system" is defined in the act to mean any one of four retirement systems, but the act only appears to be referring to the Teacher Retirement System.
9. If the answer to Question 8 is yes, name the other retirement systems that Act 497 of 1991 authorizes an active member of the Arkansas Public Employees' Retirement System to contract with the board of the Teacher Retirement System to receive credited service by making a payment of the prescribed contribution, plus interest from the date of previous service to the date of repayment.
As stated previously, the act defines the term to mean any one of the four systems listed in response to Question 7. It appears, however, that when Act 497 uses this term, it is intended to mean the Teacher Retirement System.
10. With respect to Questions 7, 8, and 9, does Section 1(b) of Act 497 of 1991 define for purposes of Act 497 of 1991, "prescribed contribution" to mean the contributions in effect to purchase credited service with the Teacher Retirement System at the time period of service rendered with the preceding employer prior to July 1, 1984?
Technically, no. The act uses the term "reciprocal system" instead of using the term Teacher Retirement System. The purchase contemplated by Act 497 is a reciprocal purchase, and in my opinion the definition of "prescribed contribution" does not refer to the contribution required for a member of the Teacher Retirement System to make a purchase of credited service for previous employment as a teacher.
11. With respect to Questions 7, 8, 9, and 10, does Section 1(b) of Act 497 of 1991 define for purposes of Act 497 of 1991 "prescribed contribution" to mean the contribution in effect to purchase credited service with only the Teacher Retirement System at the time period of service rendered with the preceding employer prior to July 1, 1984?
No. The Act refers to the "reciprocal system" rather than the Teacher Retirement System, but as has been stated, the legislature may have used this term to refer to the Teacher Retirement System. The real question is: What is the "prescribed contribution" in order to make a reciprocal purchase of credited service in the Teacher Retirement System where the purchaser was never a member of the reciprocal system? As we have stated in Opinion No. 91-085, there was no provision for such a purchase until Act 493 of 1979 was passed.
12. If the answer to Question 11 is no, name the other retirement systems that Act 497 of 1991 authorizes an active member of the Arkansas Public Employees' Retirement System to contract with the board of the Teacher Retirement System to receive credited service by making a payment of the prescribed contribution, plus interest from the date of previous service to the date of repayment.
The act does not authorize the purchase, by contract, of credited service in any other system; but the act does use the term "reciprocal system," which in my opinion ties the act's provision to the contribution necessary to make a reciprocal purchase.See, Opinion No. 91-085.
13. Does Act 497 of 1991 authorize an active member of the Arkansas Public Employees' Retirement System to contract with the Board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of any school or other educational agency participating in the Teacher Retirement System upon his paying to the Teacher Retirement System the prescribed contribution, plus interest from the date of the previous service to the date of repayment?
Yes. The question is: What is the prescribed contribution?
14. Does Act 497 of 1991 authorize anything other than an active member of the Arkansas Public Employees' Retirement System to contract with the board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984 during the employ of any school or other educational agency participating in the Teacher Retirement System upon his paying to the Teacher Retirement System the prescribed contribution, plus interest from the date of the previous service to the date of repayment? If the answer to this question is yes, what else does Act 497 of 1991 authorize?
No. The relevant question is as stated above in response to Question 13.
15. Do the words "prescribed contribution" in Act 497 of 1991 for purposes of Act 497 of 1991 mean the contribution in effect topurchase forfeited or other credited service with the TeacherRetirement System at the time period of service rendered with any school or other educational agency participating in the Teacher Retirement System?
Yes; but it means the contribution required to make a reciprocal purchase, not a "unilateral" or "same system" purchase.
16. Do the words "prescribed contribution" in Act 497 of 1991 for purposes of Act 497 of 1991 mean anything else other than thecontribution in effect to purchase forfeited or other creditedservice with the Teacher Retirement System at the time period of service rendered with any school or other educational agency participating in the Teacher Retirement System?
No; but again, it means the contribution required to make areciprocal purchase.
17. If the answer to Question 16, is yes, for purposes of Act 497 of 1991 what else do the words "prescribed contribution" in Act 497 of 1991 mean?
They mean the contribution necessary to make a reciprocal purchase, which under Act 493 of 1979 is both the employee and employer contributions plus interest.
18. Do Act 93 of 1957 as amended, Act 42 of 1971, Act 427 of 1973 as amended by Act 549 of 1975, Act 541 of 1977, Act 681 of 1979, Act 365 of 1981 and Acts 619 and 665 of 1983 provide, for service rendered prior to July 1, 1984 to any school or other educational agency participating in the Teacher Retirement System, the prescribed contribution to purchase prior to July 1, 1984forfeited or other credited service in the Teacher RetirementSystem to be employee contribution plus interest?
Yes; but these provisions all govern unilateral purchases. None of these acts govern a reciprocal purchase, and thus cannot control or define the "prescribed contribution" under Act 497 of 1991. Act 93 of 1957, which has been repealed in part and superseded in part, Act 42 of 1971, which has been superseded, and Act 365 of 1981 provide for the regaining of forfeited service only. Acts 427 of 1973, 541 of 1977, and 619 and 665 of 1983 provide only for the purchase of credited service in the Teacher Retirement System for previous employment as a teacher, (i.e. a "unilateral" or "same system" purchase); and Acts 549 of 1975 and Act 681 of 1979 do not provide for any purchases of credited service.
19. If the answer to Question 18 is no, what is the prescribed contribution to purchase, prior to July 1, 1984, forfeited or other credited service in the Teacher Retirement System as provided for in the Acts noted in Question 18?
Because the answer to Question 18 is yes, an answer to Question 19 is unnecessary.
20. Considering the answer to all previous questions, does Act 497 of 1991 authorize on or after July 1, 1991, until December 31, 1991, an active member of the Arkansas Public Employees' Retirement System to contract with the board of the Teacher Retirement System to receive credited service for periods to which the employee would have otherwise qualified for service rendered prior to July 1, 1984, during the employ of any school or other educational agency participating in the Teacher Retirement System upon his paying to the Teacher Retirement System employee contribution plus interest from the date of the previous service to the date of repayment?
No. See Opinion No. 91-085.
21. If the answer to Question 20 is no, what does Act 497 of 1991 authorize?
In my opinion it authorizes such a purchase upon payment of the "prescribed contribution" necessary to make a reciprocal purchase, which is both the employee and employer contribution plus interest. See, Opinion No. 91-085.
22. Considering the answers to all questions in this request and considering that Act 497 of 1991 prescribes the exact same payment method for purchasing credited service in the Teacher Retirement System rendered prior to July 1, 1984 that was available for the members of the Teacher Retirement System to make purchases of forfeited or other credited service in the Teacher Retirement System prior to July 1, 1984, is it your opinion that Act 497 of 1991 is constitutional?
This question cannot be answered as posed because it contains an incorrect assumption. Act 497 does not provide the exact same method for purchasing credited service that was available for members of the Teacher Retirement System before July 1, 1984. As stated in Opinion No. 91-085, however, the act is constitutional only if construed to require both the payment of employee and employer contributions plus interest.
23. If the answers to both Question 20 and 22 are yes, the answer to the remaining questions is not required. If the answer to either Question 20 or 22 is no, please answer all remaining questions.
24. Is the effective date of Act 493 of 1979 March 21, 1979?
Yes.
25. Does Act 493 of 1979 require that the class of employees, who were employed with any school or other educational agency participating in the Teacher Retirement System but were never a member of the Teacher Retirement System and who otherwise qualify to purchase credited service in the Teacher Retirement System, to pay to the Teacher Retirement System, for each year of credited service purchased, employee and employer contributions plus interest from the date of service to the date of repayment?
No. This act does not apply to a "unilateral" or "same system" purchase in the Teacher Retirement System. It applies to reciprocal purchases. When a member of the Teacher Retirement System wishes to purchase credited service in that same system for previous employment as a teacher, this is a "unilateral" purchase, and not a reciprocal one. As such, it is not governed by Act 493 of 1979, which controls "reciprocal purchases," but is governed instead by the provisions of A.C.A. § 24-7-502 (a)(5), concerning Teacher Retirement, which effective July 1, 1984 requires both employee and employer contributions plus interest.
26. Did Act 93 of 1957 as amended, Act 42 of 1971, Act 427 of 1973 as amended by Act 549 of 1975, and Act 541 of 1977, require that the class of employees, who were employed with any school or other educational agency participating in the Teacher Retirement System but were never a member of the Teacher Retirement System and who otherwise qualify to purchase credited service in the Teacher Retirement System, to pay to the Teacher Retirement System, for each year of credited service purchased, employeecontributions plus interest from the date of service to the date of repayment?
Yes; but again, these laws do not provide for reciprocal purchases, but only for the regaining of unilateral service or for unilateral or same system purchases.
27. At the time that Act 493 of 1979 became law, which if any, sections of Act 493 of 1979 were discriminatory, constitutionally suspect, or unconstitutional because they required a payment method of purchasing credited service, other than forfeited credited service, that was not required of those employees purchasing the exact same year of credited service in the Teacher Retirement System pursuant to Act 93 of 1957 as amended by Act 42 of 1971 and Act 427 of 1973 as amended by Acts 549 of 1975 and 541 of 1977?
In my opinion, none of the provisions of Act 493 of 1979 are unconstitutional in this regard, as they involve reciprocal purchases, and the other acts you mention involve unilateral or "same system" purchases. This distinction may give rise to different circumstances which may give the legislature a "rational basis" to treat the two types of purchases differently.
28. Does Act 427 of 1973 as amended through Act 805 of 1985, require that the class of employees, who were employed with any school or other educational agency participating in the Teacher Retirement System but were never a member of the Teacher Retirement System and who otherwise qualify to purchase credited service in the Teacher Retirement System, to pay to the Teacher Retirement System, for each year of credited service purchased after June 30, 1984, employee and employercontributions plus interest from the dates the contributions would normally have been received by the System to the date of such actual repayment?
Yes.
29. Which particular sections if any, of Act 427 of 1973 as amended through Act 805 of 1985, are discriminatory, constitutionally suspect, or unconstitutional because they require a payment method of purchasing after June 30, 1984 credited teacher retirement service rendered prior to July 1, 1984, other than forfeited credited service, that was not required of those employees purchasing prior to July 1, 1984 the exact same years of teacher retirement service under the provisions of Act 93 of 1957 as amended, Act 42 of 1971, Act 427 of 1973 as amended by Act 549 of 1975, Act 541 of 1977, Act 681 of 1979, Act 365 of 1981, and Acts 619 and 665 of 1983?
It is my opinion that the Act is not unconstitutional in this regard, as it merely changed and increased the contribution required for future purchases. The legislature could have determined that for the financial soundness of the system, both employer and employee contributions should thereafter be required. It applies equally to all who purchase after a certain date. In my opinion, this determination would be sufficient to give the act a rational basis necessary to save it from constitutional infirmity.
30. If any sections of Act 493 of 1979 or Act 427 of 1973 as amended through Act 805 of 1985, are discriminatory, constitutionally suspect, or unconstitutional, what is the prescribed contribution that the Teacher Retirement System should currently charge that class of employees who were employed with any school or other educational agency participating in the Teacher Retirement System but were never a member of the Teacher Retirement System and who otherwise qualify to purchase credited service in the Teacher Retirement System for service rendered prior to July 1, 1984?
In my opinion, these sections are not unconstitutional. The contribution currently required for such a purchase, by an active teacher retirement member, is both employee and employer contributions plus interest, as governed by A.C.A. § 24-7-502
(a)(5), and the contribution required of a member of a reciprocal system is both employee and employer contributions plus interest as governed by A.C.A. § 24-2-402 and Act 497 of 1991.
31. Does Act 497 of 1991 state that the prescribed contribution means the contribution in effect to purchase credited service with the reciprocal system at the time period of servicepurchased with the preceding employer prior to July 1, 1984?
No.
32. Does Act 497 of 1991 state that the prescribed contribution means the contribution in effect to purchase credited service with the reciprocal system at the time period of servicerendered with the preceding employer prior to July 1, 1984?
Yes.
33. Does Act 488 of 1965 as amended by Act 611 of 1975 or Act 93 of 1957 as amended by Act 42 of 1971, or Act 427 of 1973 as amended by Act 549 of 1975 and Act 541 of 1977 provide that for a reciprocal or other purchase made on or before March 20, 1979 of forfeited or other credited service rendered prior to March 20,1979 that the prescribed contribution to purchase the forfeited or other credited service is employee contribution plus interest?
Some do and some do not. None of these acts govern the purchase of credited service in a reciprocal system where the individual was never a member of the system when the former employment occurred. Act 488 of 1965 and Act 611 of 1975 only govern the regaining of forfeited reciprocal service where the individual was formerly a member of the reciprocal system. Act 93 of 1957, which has been repealed in part and superseded in part, and Act 42 of 1971, which has been superseded, each only govern the regaining of "unilateral" or "same system" forfeited service. Act 427 of 1973 as amended by Act 549 of 1975 and Act 541 of 1977 only provide for unilateral or "same system" purchases of credited service.
34. If the answer to Question 33 is no, what do the acts referred to in Question 33 provide the prescribed contribution to be?
These acts provide for, in the case of forfeited service, the repayment of refunded contributions, and for the purchase of unilateral credited service, provide for the payment of employee contributions plus interest. These purchases are not similar to the reciprocal purchase under Act 497 of 1991 where the individual was never a member of the reciprocal system.
35. With respect to Question 33, does Section 1(b) of Act 497 of 1991 for purposes of Act 497 of 1991 provide that the prescribed contribution means the contribution in effect to purchase credited service at the time period of service purchased?
No.
36. With respect to Question 33, does Section 1 (b) of Act 497 of 1991 for purposes of Act 497 of 1991 provide that the prescribed contribution means the contribution in effect to purchase credited service at the time period of service rendered?
Yes; but before 1979, there was no contribution in effect to purchase credited service in a reciprocal system where the individual making the purchase was never a member of the reciprocal system.
37. Does Act 493 of 1979 apply to a purchase made on or before March 20, 1979 of credited service rendered prior to March 20, 1979 in the Teacher Retirement System?
No; but Act 497 of 1991 attaches Act 493's provisions by using the word "reciprocal," and in my opinion a court would construe it this way to avoid any constitutional infirmity. There simply was no provision prior to Act 493 of 1979 which governed a reciprocal purchase where the purchaser was never a member of the reciprocal system.
38. For purposes of Act 497 of 1991 for the time period of service rendered prior to March 20, 1979, does the term "prescribed contribution," to purchase forfeited or other credited service in the Teacher Retirement System mean employee contribution plus interest?
No. See Opinion No. 91-085.
39. If the answer to Question 37 is no, what does the term "prescribed contribution" mean?
In my opinion, this term means the contribution necessary to make a reciprocal purchase where the purchaser was never a member of the reciprocal system. According to Act 493 of 1979, this contribution is both the employee and employer contributions plus interest.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb